AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| BRYAN HENDERSHOT | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-cv-652-CVE-CDL |
| SOUTHERN GLAZER'S WINE AND SPIRITS OF OKLAHOMA, LLLP, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Robert Jernigan, Bacchus Wine & Spirits, 17216 N. May Ave., Edmond, OK 73012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See attached Exhibit A

| Place: Crowe & Dunlevy, P.C., Braniff Building, 324 North Robinson Avenue, Suite 100, Oklahoma City, Oklahoma 73102 | Date and Time: 02/11/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/17/2022

         *CLERK OF COURT*

                                            OR   *[signature]*
   _____              _____
   *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Southern Glazer's Wine and Spirits of Oklahoma, LLLP, and Brian Lidji           , who issues or requests this subpoena, are:
Mary H. Tolbert, Crowe & Dunlevy, P.C., Braniff Building, 324 N.Robinson Ave., Suite 100, Oklahoma City, OK 73102
(405) 235-7700; molly.tolbert@crowedunlevy.com

                    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-652-CVE-CDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ROBERT JERNIGAN
on *(date)* 1-17-2022

☑ I served the subpoena by delivering a copy to the named person as follows: To: ROBERT JERNIGAN
AT: 3013 N.W. 191ST TERR., EDMOND, OKLA.
on *(date)* 1-19-2022; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 1-20-2022

Daniel R. Dick PSS-21-22
*Server's signature*

DANIEL R. DICK - PROCESS SERVER
*Printed name and title*

18901 S.E 149TH ST.
NEWALLA, OK 74857    405-833-123_
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:20-cv-00652-CVE-CDL   Document 78 Filed in USDC ND/OK on 01/26/22   Page 3 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

In accordance with Fed. R. Civ. P. 45, the following definitions and instructions apply in responding to this subpoena:

1. "Action" refers to the lawsuit styled *Hendershot v. Southern Glazer's Wine and Spirits of Oklahoma, LLLP, et al.*, Case No. 20-cv-652-CVE-CDL (N.D. Okla.).

2. "Communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents such as letters, memoranda, etc., and includes transfer of data from one location to another by electronic or similar means, such as by email, text message, or instant messaging.

3. "Document" has the same meaning as in Federal Rule of Civil Procedure 34, including, without limitation, all (a) written, typed, printed, recorded, drawn, diagramed, graphic, or photographic material; (b) electronic data in any form, including but not limited to e-mails, text messages, instant messages, records of phone calls, phone recordings, PowerPoint or other software or computer-based presentations, weblogs, and postings or other communications on social network sites (*e.g.*, Facebook, Twitter, LinkedIn, Pinterest, YouTube, Instagram); and (c) audio or video reproduction compilations in any form, including but not limited to tapes, discs, or electronic devices.

4. "Person" means any individual, firm, proprietorship, corporation, association, or any other type of organization or entity.

5. "Relating to" or "related to" means constituting, comprising, identifying, referring to, alluding to, touching upon, dealing with, concerning, in connection with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to the described subject matter.

6. "You" and "your" refers to Robert Jernigan and his representatives, agents, attorneys, accountants, employees, or any other person acting on his behalf in whatever capacity.

7. This Subpoena is directed toward all information known or available to you, either individually or through your partners, agents, representatives, employees, attorneys, or any other person acting on your behalf, including information contained in the records and documents in your custody or control or available to you upon reasonable inquiry.

8. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests. All electronically stored information shall be produced in the form in which you ordinarily maintain it. If such electronically stored information is not in a reasonably usable form, you shall translate it into a reasonably usable form.

## DOCUMENTS TO BE PRODUCED

1. All documents, correspondence, or communications regarding, relating to, or referencing State Question 792, Article 28A of the Oklahoma Constitution, Senate Bill 383, Senate Bill 608, or other efforts to amend Oklahoma's laws pertaining to the distribution of wine and spirits.

2. All documents, correspondence, or communications from 2015 to present regarding, relating to, referencing, or evidencing any conduct by Southern Glazer's Wine & Spirits of Oklahoma, Jarboe Sales Company, Central Liquor Company, RNDC Oklahoma, or Republic National Distributing Company that you believe to have harmed you or to have harmed or reduced competition among liquor retailers.

3. All documents, correspondence, or communications regarding, relating to, or referencing pricing and service actions affecting liquor retailers taken by Southern Glazer's Wine & Spirits of Oklahoma, Jarboe Sales Company, Central Liquor Company, RNDC Oklahoma, or Republic National Distributing Company after October 1, 2018.

4. All correspondence or communications from 2015 to present between you and Southern Glazer's Wine & Spirits of Oklahoma, Jarboe Sales Company, Central Liquor Company, RNDC Oklahoma, or Republic National Distributing Company complaining or otherwise expressing concern or dissatisfaction with any price or service issues.

5. All correspondence or communications from 2015 to present between you and Bryan Hendershot, Boardwalk Distribution Company, or any of its officers or

employees, complaining or otherwise expressing concern or dissatisfaction with any price or service issues.

6. All correspondence or communications from 2015 to present between you and Laurence Pinkerton, Bryan Hendershot, or any current or former employee of Boardwalk Distribution Company regarding, relating to, or referencing Southern Glazer's Wine & Spirits of Oklahoma, Jarboe Sales Company, Central Liquor Company, RNDC Oklahoma, or Republic National Distributing Company.

7. All correspondence or communications between you and Laurence Pinkerton, Bryan Hendershot, or any current or former employee of Boardwalk Distribution Company regarding, relating to, or referencing this action or any other lawsuit contemplated against Southern Glazer's Wine & Spirits of Oklahoma, Jarboe Sales Company, Central Liquor Company, RNDC Oklahoma, or Republic National Distributing Company.

8. All correspondence or communications between you and Laurence Pinkerton, Bryan Hendershot, or any current or former employee of Boardwalk Distribution Company regarding, relating to, or referencing your potential testimony in this action.

9. All correspondence or documents regarding, relating to, or referencing *The Institute for Responsible Alcohol Policy et al. v. State of Oklahoma, ex rel. Alcoholic Beverage Laws Enforcement Commission et al.*, Case No. CJ-2019-3575 (Okla. County), including but not limited to correspondence regarding the preparation or filing of an affidavit in that litigation.

10. All documents, correspondence, or communications regarding, relating to, or referencing any compensation (in the form of cash, gifts, or other benefits) provided to you by Bryan Hendershot, Boardwalk Distribution Company, or any of its officers or employees from 2015 to present.

11. Documents indicating the total number of SKUs available at your retail outlet(s) on September 30, 2018, and on January 15, 2022.